This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                                    **No. 35,654**

**CHRISTOPHER ZAMORA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**Louis P. McDonald, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Patrick J. Martinez
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Chief Judge.**

{1}  Defendant appeals from the district court's judgment and sentence and order of deferral and remand to the municipal court, entered following a bench trial, convicting him for driving under the influence of intoxicating liquor or drugs (first offense), failure to maintain a traffic lane, and no driver's license. This Court issued a calendar notice proposing summary affirmance. Defendant filed a memorandum in opposition to this Court's notice of proposed disposition, which we have duly considered. Unpersuaded, we affirm.

{2}  Defendant raises a single issue on appeal: whether he received ineffective assistance of counsel where his trial counsel failed to file a motion to suppress and did not properly subpoena a defense witness for trial. [CN 3] In our calendar notice, we proposed to hold that the record in this case is insufficient to establish whether defense counsel's actions were unreasonable or caused prejudice to Defendant. [CN 4] *See State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61 ("When an ineffective assistance claim is first raised on direct appeal, [the appellate courts] evaluate the facts that are part of the record. If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance." (citation omitted)); *see also State v. Aker*, 2005-NMCA-063, ¶ 34, 137

2

N.M. 561, 113 P.3d 384 ("To establish a prima facie case of ineffective assistance of counsel, [a d]efendant must show that (1) counsel's performance was deficient in that it 'fell below an objective standard of reasonableness'; and (2) that [the d]efendant suffered prejudice in that there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " (citation omitted)).

{3} Specifically, with respect to counsel's failure to file a motion to suppress, we noted in our calendar notice that there was nothing in the docketing statement to indicate a basis for suppression of the breath alcohol results, and we also observed that there did not appear to be anything in the record before this Court that would establish a basis for suppression. [CN 3] Consequently, we proposed to conclude that Defendant had not demonstrated a prima facie case of ineffective assistance of counsel for the failure of his counsel to file a motion to suppress. *See State v. Mosley*, 2014-NMCA-094, ¶ 20, 335 P.3d 244 (stating that when a defendant's ineffective assistance of counsel claim is based upon trial counsel's failure to suppress evidence, he or she "must establish that the facts support the motion to suppress and that a reasonably competent attorney could not have decided that such a motion was unwarranted" (internal quotation marks and citation omitted)).

**{4}** In his memorandum in opposition, aside from a mere recitation of facts already provided to this Court [*see* MIO 2-3], Defendant has not provided us with a basis for suppression. This Court will not attempt to divine Defendant's argument in favor of suppression where it has not even been asserted, let alone adequately developed. *See Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."); *Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("To rule on an inadequately briefed issue, [the appellate court] would have to develop the arguments itself, effectively performing the parties' work for them."). To the extent Defendant is arguing that his counsel "had evidence in his possession that would have properly challenged the foundation for the admission of [Defendant's] breath results" [MIO 3], we note that this non-descript evidence does not appear to be a matter of record in this case, and we will not consider matters outside the record. *See State v. Harrison*, 2010-NMSC-038, ¶ 10, 148 N.M. 500, 238 P.3d 869 ("Matters outside the record present no issue for review." (internal quotation marks and citation omitted)). Therefore, we are not convinced that our proposed conclusion on this point was incorrect. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{5}    With respect to trial counsel's failure to properly subpoena defense witness Jason Avery for trial, we noted in our calendar notice that Defendant had not informed this Court what testimony this witness would have provided, other than the generalized claim that he would have laid a foundation for the admission of Intoxilyzer 8000 logs. [CN 4] Further, we noted that the record does not appear to contain any evidence of how the information from Mr. Avery would have changed the outcome of the proceedings, nor does the record otherwise indicate the significance of the logs or their potential impact on the case. [CN 4] Therefore, we proposed to conclude that Defendant had not demonstrated a prima facie case of ineffective assistance of counsel for the failure of his counsel to subpoena Mr. Avery for trial. *Cf. State v. Dartez*, 1998-NMCA-009, ¶ 27, 124 N.M. 455, 952 P.2d 450 (holding that counsel's failure to interview the witness was not prejudicial, for purposes of a claim of ineffective assistance, in the absence of any indication that the witness's testimony would have benefitted the defendant).

{6}    In his memorandum in opposition, Defendant characterizes Mr. Avery's potential testimony as "crucial" to challenging the "validity and reliability" of his breath alcohol results. [MIO 3-4] However, Defendant again fails to describe the content of Mr. Avery's potential testimony or the details of any evidence he wished to introduce but could not due to Mr. Avery's absence—and the record itself is devoid

5

of detail as to both—leaving this Court to speculate as to how exactly Mr. Avery's testimony would have benefitted Defendant. Thus, we are not convinced that we were incorrect in our proposed disposition on this issue. *See Hennessy*, 1998-NMCA-036, ¶ 24.

{7}    Consequently, we hold that Defendant has not established a prima facie case of ineffective assistance of counsel given the deficiency of the record. However, as we noted in our calendar notice, Defendant may pursue the issue in a habeas proceeding as our courts prefer habeas proceedings so that "the defendant may actually develop the record with respect to defense counsel's actions." *State v. Arrendondo*, 2012-NMSC-013, ¶ 38, 278 P.3d 517.

{8}    Accordingly, for the reasons stated above, as well as those provided in our notice of proposed disposition, we affirm.

{9}    **IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Chief Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____

**JONATHAN B. SUTIN, Judge**